[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12448
Non-Argument Calendar

_____

D.C. Docket No. 6:11-cr-00287-GAP-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAWRENCE LOCKHART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 5, 2012)

Before HULL, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Lawrence Lockhart appeals his total sentence of 96 months' imprisonment,

imposed below the applicable guideline range of 188 to 235 months'
imprisonment, after he pled guilty to distribution and possession with intent to
distribute cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 841(a)(1),
(b)(1)(C).  For the reasons set forth below, we affirm Lockhart's sentence.

I.

According to the presentence investigation report ("PSI"), Lockhart was
arrested after he sold eight grams of crack cocaine to a confidential source.  The
PSI classified Lockhart as a career offender, pursuant to U.S.S.G. § 4B1.1, due to
him having at least two qualifying prior convictions, and, thus, he had an
enhanced offense level of 34.  After a 3-level reduction for his acceptance of
responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), he had a total offense level of
31, a criminal history category of VI, and an applicable guideline range of 188 to
235 months' imprisonment.

The PSI stated that, between 1989 and 1990, Lockhart was convicted of
petit theft, battery, aggravated battery, three counts of aggravated assault on a law
enforcement officer, improper exhibition of a weapon or firearm, possession of a
firearm by a convicted felony, and possession of cocaine and cannabis.  In 2000,
he was convicted of fleeing and attempting to elude a law enforcement officer,
reckless driving, criminal mischief, and trespass to the land of another.  Other than

various convictions for traffic offenses, his only other conviction until the instant offense occurred in 2003, for delivery of cocaine.

Before sentencing, Lockhart requested a downward variance from the applicable guideline range. Specifically, he requested a sentence within the range of 41 to 51 months' imprisonment, which was the guideline range that would have applied had he not been classified as a career offender. He argued that the 18 U.S.C. § 3553(a) factors supported the variance, noting that his offense was relatively minor and that the seriousness of his misbehavior had decreased over the past 20 years.

At sentencing, the government objected to Lockhart's request for a downward variance because Lockhart's criminal history was violent, involved drug activity, and was extensive. Lockhart responded that his criminal history was "problematic," but most of his violent history occurred when he was 18 or 19 years of age. Further, his last drug offense occurred in 2003. Lockhart also had his daughter and his girlfriend provide statements concerning the positive role he played in their lives and the lives of his children. Lockhart, speaking on his own behalf, apologized for committing his offense and requested leniency.

In considering the 18 U.S.C. § 3553 factors, the district court stated that, although drug trafficking was a serious problem in the United States, Lockhart's

3

offense was minor, as it involved eight grams of crack cocaine.  The district court had concerns about the severity of the enhancement in light of the circumstances of Lockhart's criminal history, which demonstrated that the most serious offenses occurred 20 years before the instant offense.  The court stated that it was uncertain whether anything it did would deter the drug trade, but found that the need-to-deter factor, in this case, was not a mitigating factor.  The court further stated that it was difficult to determine what sentence would promote respect for the law and just punishment in light of the fact that the career offender guideline applied.  The court then imposed a sentence of 96 months' imprisonment based on the statutory factors, finding that the sentence was more than adequate and sufficient, but not greater than necessary to comply with the statutory objectives.

## II.

On appeal, Lockhart argues that his sentence was substantively unreasonable under the totality of the circumstances.  According to Lockhart, his offense of conviction was a minor, non-violent drug crime.  Further, his criminal history reflected that most of his previous convictions were from over 20 years ago.  Thus, Lockhart contends that the career offender guideline should have had no role in the district court's analysis of the § 3553(a) factors, and the court should have imposed a sentence within the guideline range that would have applied had

he not been classified as a career offender.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *See Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). A district court's sentence need not be the most appropriate one, but rather need only be a reasonable one. *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*). We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable. *Id.* The party challenging the sentence has the burden of establishing that the sentence was unreasonable based on the record and the factors set forth in 18 U.S.C. § 3553(a). *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

In reviewing a sentence's substantive reasonableness, we examine the totality of the circumstances, which includes an inquiry into whether the § 3553(a) factors support the sentence in question. *United States v. Gonzales*, 550 F.3d 1319, 1323-24 (11th Cir. 2008). The district court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See*

5

18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).

Where a defendant's criminal record shows that the defendant should be classified as a career offender under U.S.S.G. § 4B1.1, his offense level is driven by the statutory maximum penalty for the offense, rather than the quantity of drugs he was trafficking. U.S.S.G. § 4B1.1(b).  Yet, the Guidelines sentence range yielded pursuant to § 4B1.1 is still advisory.  *See United States v. Williams*, 435 F.3d 1350, 1354-56 (11th Cir. 2006) (noting that the district court had applied the career offender guideline and that the resulting guideline range was advisory, and affirming the imposition of a sentence outside of the advisory guideline range, where the court had not imposed the sentence solely because of a disagreement with the Guidelines, but rather gave specific, valid reasons for its sentence).

Lockhart has not shown that the district court imposed a substantively unreasonable sentence.  Lockhart's sentence of 96 months' imprisonment was well below the applicable guideline range of 188 to 235 months' imprisonment.  The

6

record demonstrates that the district court considered the § 3553(a) factors in imposing the sentence, and there is nothing in the record demonstrating that the sentence is unreasonable based on those factors.  Although the district court recognized several reasons for varying from the applicable guideline range of 188 to 235 months' imprisonment, Lockhart still had a significant criminal history, involving previous drug convictions, aggravated assault on a law enforcement officer, and aggravated battery.  The court found that the sentence imposed was certainly sufficient, but not greater than necessary to comply with the statutory objectives, and Lockhart has not shown otherwise.  Accordingly, the district court's decision to not sentence Lockhart within the guideline range that would apply in the absence of the career offender guideline was not substantively unreasonable.

For the foregoing reasons, we affirm Lockhart's sentence.

**AFFIRMED.**

7